UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE DEARWESTER,<br><br>        Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>        Defendants. | CASE No. 1:15-cv-00694-MJS<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PAYMENT OF FILING FEE IN FULL WITHIN TWENTY-ONE DAYS**<br><br>**(ECF No. 2)** |

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 5.) On May 6, 2015, Plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has had three or more actions dismissed as frivolous, as malicious, or for failing to state a claim upon which

relief maybe granted.[1]

To meet the imminent danger exception, the complaint must plausibly allege "that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1053-55 (9th Cir. 2007).

Plaintiff's complaint nowhere states that he faces any danger, imminent or otherwise. Instead, he attempts to challenge CDCR's religious meals program on constitutional and RLUIPA grounds.

The Court concludes that Plaintiff's *in forma pauperis* application should be denied because he has accrued three or more strikes and was not under imminent danger of serious physical harm at the time this action was initiated. 28 U.S.C. § 1915(g). Plaintiff will be provided with the opportunity to pay the filing fee in full.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's *in forma pauperis* application (ECF No. 2) is DENIED,

2. Plaintiff must pay the $400 filing fee in full within twenty-one days of service of this order, and

3. If Plaintiff fails to pay the $400 filing fee in full within twenty-one days of service of this order, all pending motions will be terminated and this action dismissed without prejudice.

IT IS SO ORDERED.

Dated: May 27, 2015         /s/ *Michael J. Seng*
                            UNITED STATES MAGISTRATE JUDGE

---

[1] The Court takes judicial notice of the following United States District Court cases: Dearwester v. Ramirez, et al., 2:13-cv-02065-KJN (E.D. Cal.) (dismissed December 20, 2013 for failure to state a claim; no appeal taken); Dearwester v. United States, et al., 2:13-cv-02536 (E.D. Cal.) (dismissed February 13, 2014 for failure to file amended complaint after original complaint failed to state a claim; no appeal taken); and Dearwester v. Sacramento Cty. Sheriff's Dept., 2:13-cv-02062-AC (E.D. Cal.) (dismissed April 28, 2014 for failure to file amended complaint after original complaint failed to state a claim; motion for leave to file amended complaint denied January 5, 2015 because amended complaint also failed to state a claim; no appeal taken); and Dearwester v. Parkhurst, et al., 2:13-cv-02530-CKD (E.D. Cal.) (dismissed January 2, 2014 for failure to state a claim; no appeal taken). A strike accrues as soon the trial court dismisses on statutorily enumerated grounds, even if the dismissal is the subject of an appeal. Coleman v. Tollefson, 135 S.Ct. 1759, at *4 (2015).